# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

HOWARD M. ROWELL                                                          PLAINTIFF

VERSUS                                CIVIL ACTION NO. 1:09cv731-HSO-JMR

JACKSON COUNTY, MISSISSIPPI, et al.                        DEFENDANTS

## ORDER OF PARTIAL DISMISSAL

Before this Court is Plaintiff's Response [8] filed January 8, 2010. On December 14, 2009, this Court entered an Order [7] directing Plaintiff to provide additional information concerning his claims against Defendant Jackson County, Mississippi. In his Response [8], Plaintiff has not raised any allegations that Defendant Jackson County, Mississippi, had a policy or custom which violated Plaintiff's constitutional rights.

Additionally, the original Complaint [1] filed by Plaintiff reflects that Plaintiff's claims against Defendants Judge Roberts and Judge Jackson relate to the lack of a preliminary or initial hearing concerning his criminal case, which is presently pending in state court.

## I. ANALYSIS

In order to have a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right secured by the Constitution and the laws of the United States, and that the person depriving Plaintiff of this right acted under color of any statute of the State. *See Daniel v. Ferguson*, 839 F.2d 1124 (5th Cir. 1988). At this stage of the screening process, the Court finds that Plaintiff has stated an arguable claim on the face of the Complaint and Response against Defendants Tony

Lawrence, Officer Thomas Spicer, Chief of Police Eddie Williams, and Detective Casey Baxter.  However, as discussed below, Plaintiff cannot maintain this § 1983 civil action against Defendants Jackson County, Mississippi, Judge Roberts, or Judge Jackson.

To establish a claim against a county, Plaintiff is required to allege that the county caused Plaintiff's injury as a result of an official policy or custom which deprived Plaintiff of his constitutional rights.  *See Esteves v. Brock*, 106 F.3d 674, 677 (1997) (citing *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978)).  Furthermore, a claim filed pursuant to 42 U.S.C. § 1983 based on the "theory of respondeat superior merely because it employs a tortfeasor" cannot be maintained.  *See id.*  In his Response [8], Plaintiff has failed to assert any claims against Defendant Jackson County, Mississippi.  Therefore, Defendant Jackson County, Mississippi, will be dismissed.

In addition, it is well established that a judge when performing in his or her judicial capacity enjoys absolute immunity from liability.  *See Stump v. Sparkman*, 435 U.S. 349 (1978); *see also Bauer v. Texas,* 341 F.3d 352, 357 (5th Cir. 2003) ("Judges enjoy absolute immunity from liability for judicial or adjudicatory acts."). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the complete absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Forrester v. White*, 484 U.S. 219, 220-21 (1988).

Based upon the allegations raised in this case, the Court finds and concludes the complaint of action or inaction on the part of Defendants Judge Roberts and Judge Jackson with respect to Plaintiff's preliminary or initial hearing were within the scope of their judicial capacities, such that these Defendants are entitled to judicial immunity.  Consequently, Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 against Defendants Judge Roberts and Judge Jackson.

## II.  CONCLUSION

As discussed above, Plaintiff cannot maintain this § 1983 civil action against Defendants Jackson County, Mississippi, Judge Roberts, and Judge Jackson. Accordingly, it is,

ORDERED AND ADJUDGED that Defendants Jackson County, Mississippi, Judge Roberts, and Judge Jackson, are dismissed with prejudice as Defendants.  A separate order directing summons to issue for the remaining Defendants will be entered.

SO ORDERED AND ADJUDGED, this the 23rd day of February, 2010.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE