**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HOWARD M. ROWELL**                                                                                    **PLAINTIFF**

**VS.**                                                                **CIVIL ACTION NO. 1:09cv731-HSO-JMR**

**TONY LAWRENCE, EDDIE WILLIAMS,
THOMAS SPICER, and CASEY BAXTER**                                                **DEFENDANTS**
_____

**REPORT AND RECOMMENDATION:**

This matter comes before the Court, *sua sponte*, due to the failure of Plaintiff, Howard Rowell, to advise the Court of a change of his address. The Plaintiff was advised of his duty to inform the Court of any change of address by Order [4] issued on October 22, 2009, by Orders [6, 7] issued on December 14, 2009, by Order [10] issued on January 26, 2010, and by Order [13] issued on February 24, 2010. The Court notes that on February 25, 2011, the envelope containing this Court's Order [34] directing Plaintiff to respond to Defendant Tony Lawrence's motion to dismiss was returned as undeliverable. (*See* Returned [35-1] Mail.)

Upon reviewing the pleadings, this Court discovered that Plaintiff's current address is listed as a residential address in Gautier; however, the Defendants have claimed that Plaintiff is once again incarcerated at the Jackson County Adult Detention Center ("JCADC"). (*See* Docket; *see also* Mot. [30-1].) Further, on August 3, 2010, Plaintiff's deposition was taken at the JCADC. (*See* Ex. "A" Attach. Mot. [30-2].) Therefore, on March 3, 2011, this Court entered an Order [36] to Show Cause to Plaintiff instructing him to verify whether or not he is currently incarcerated at the JCADC and to inform the Court why the present action should not be dismissed for failure to prosecute. ( *See* Order [36].) The Order was mailed to Plaintiff at the JCADC by certified mail, return receipt

requested. *Id.* The Court notes, however, that on March 18, 2011, the envelope containing this Court's Order [36] to Show Cause was returned as undeliverable. (*See* Returned [37-1] Mail.)

Upon receiving the Court's Order to Show Cause as undeliverable and in an effort to ascertain Plaintiff's whereabouts, the Court utilized the Mississippi Department of Corrections website in order to determine whether or not Plaintiff had been transferred into custody of the MDOC. The Inmate Search did not reveal anyone with Plaintiff's name currently incarcerated within the MDOC. Thereafter, the Court contacted the JCADC and was informed that Plaintiff was released in September 2010 and a forwarding address was not listed.

Thereby, on March 30, 2011, the Court entered its second Order to Show Cause for failure to update address directing Plaintiff to update his address and show cause as to why this case should not be dismissed for failure to prosecute. (*See* Order [38].) The Order to Show Cause was sent to Plaintiff's last known address at "1707 Tradewinds Drive, Gautier, Mississippi 39553," which is listed as Plaintiff's address on the docket. To date, however, Plaintiff has not responded to this Court's first or second Order to Show Cause for failure to update his address. The Court also notes that the Acknowledgment of Receipt of the second Order to Show Cause for failure to update address has not been returned to the Court, nor has the envelope containing the Order been returned as undeliverable.

At the present, Plaintiff has not made any contact with the Court since last updating his address on March 1, 2010 to the current residential address listed on the docket. The Court notes that sometime before August 2010 Plaintiff was re-arrested and returned to the JCADC, however, he was again released in September 2010. Also, almost all correspondence from this Court to Plaintiff since January 28, 2011, has been returned as undeliverable. ( *See* Returned [35-1, 37-1] Mail.)

Incarcerated Plaintiffs have a duty to inform the court upon a change of address. *See Danner v. Tolbert*, No. 3-01-CV-0579-X, 2001 WL 492391 *1 (N.D. Tex. 2001); *Shannon v. St. of La.*, Civil Action No. 87-3951, 1988 WL 54768 *1 (E. D. La. 1988); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(affirming the district court's dismissal after passing of sixty days from time of return mail without further notice to the prisoner). Failure to advise the court of a change in the Plaintiff's address may result in dismissal. *See Danner*, No. 3-01-CV-0579-X, 2001 WL 492391 at *1; *Shannon*, Civil Action No. 87-3951, 1988 WL 54768 at *1; *Carey*, 856 F.2d at 1440-41. In the words of the Fifth Circuit:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

*Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985).

Additionally, Federal Rule of Civil Procedure 41(b), titled "Involuntary Dismissal: Effect Thereof," provides as follows: "For failure of the Plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." FED. R. CIV. P. 41(b). Even though the Rule speaks in terms of dismissal on motion of a defendant, it is well settled that the court has the inherent authority to dismiss *sua sponte* for want of prosecution. "The authority of a federal trial court to dismiss a Plaintiff's action with prejudice because of failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-30

(1962). *See also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)(per curiam)(addressing Rule 41(b) dismissal of prisoner's lawsuit);*Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)(discussing the district court's Rule 41(b) discretion).

Plaintiff's failure to comply with this Court's orders has caused considerable delay. To date, Plaintiff has failed to update his address or respond to the March 3, 2011 Order [36] to Show Cause or the March 30, 2011 Order [38] to Show Cause. Plaintiff has not taken any action in prosecuting the instant case in over a year. Based on the foregoing, this Court is of the opinion that Plaintiff has failed to advise this Court of his change of address and that this failure is indicative of a lack of interest in pursuing this cause and delays the expeditious resolution of other cases. Furthermore, this Court is of the opinion that Plaintiff has failed to show cause why this case should not be dismissed, as ordered by this Court on March 3, 2011 and March 30, 2011. Therefore, this Court recommends that this case be dismissed without prejudice for Plaintiff's failure to prosecute. The Court further notes that Defendants' have a Motion [30-1] to Dismiss and a Motion [32-1] for Summary Judgement pending. However, since the Court is uncertain as to whether or not Plaintiff has received Defendants' dispositive motions, this Court finds that it would be imprudent to analyze the merits of Plaintiff's Complaint and Defendants' motions. Therefore, this Court refuses to address Defendants' grounds for dismissal, at this time.

In accordance with the Rules of this Court, any party, within fourteen (14) days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings,

conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1425 (5th Cir. 1996).[1]

SO ORDERED this the   11th   day of May, 2011.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referred to the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.